**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LUCRECIOUS GUNN, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>HOWARD SKOLNIK, individually and in his official capacity as director of the Nevada Department of Corrections; PATRICK CONMAY, individually and in his official capacity as inspector General of the Nevada Department of Corrections; GREGORY COX, individually and in his official capacity as Deputy Director of Operations of the Nevada Department of Correction; CARLA CREVLING, individually and in her official capacity as Division Administrator of the Personnel Division of the Nevada Department of Corrections, DAVID MOLNAR, individually and in his official capacity as investigator of the Nevada Department of Corrections; and the STATE OF NEVADA, ex rel., ITS DEPARTMENT OF CORRECTIONS<br><br>    Defendants. | Case No. 2:09-cv-02195-LDG (VCF)<br><br>**SUMMARY JUDGMENT** |

    Plaintiff, Lucrecious Gunn, asserts claims against Defendants, Howard Skolnik, Patrick Conmay, Gregory Cox, Carla Crevling, David Molnar, and the State of Nevada, ex rel., its Department of Corrections, under 42 U.S.C. § 1983, for violating his First Amendment right by

retaliating against him for exercising his right to free speech; under 42 U.S.C. § 2000e-2 and 2000e-3, for violating Title VII by retaliating against him on the basis of race; and under Nevada state law, for inflicting emotional harm on him (#1 ¶ 12-15).

After Gunn filed his complaint, Defendants filed a motion for summary judgment (#22). Gunn then filed a response to Defendants' motion for summary judgment (#27), to which Defendants filed a reply (#29). Having considered the pleadings, the arguments of the parties, and admissible evidence submitted by the parties, the Court will grant Defendants' motion for summary judgment.

Motion for Summary Judgment

In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *United States v. Arango*, 670 F.3d 988, 992(9th Cir. 2012). To succeed on a motion for summary judgment, the moving party must show (1) The lack of a genuine issue of any material fact, and (2)that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. V. Catrett*, 477 U.S. 317, 322 (1986); *Arango*, 670 F.3d at 992.

A material fact is one required to prove a basic element of a claim. *Anderson*, 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial. "*Celotex*, 477 U.S. at 323. Additionally, [t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (quoting *Anderson*, 477 U.S. at 252).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.*, at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burdens of summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Id.*, at 325. Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact. Fed. R. Civ. Pro. 56(e); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000). As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The allegations or denials of a pleading, however, will not defeat a well-founded motion. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986). That is, the opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir. 2008)(quoting Fed .R. Civ. P. 56(e)).

Background

In his complaint, Gunn, an African-American, alleges that Defendants asked unconstitutional questions about a relationship that he had with a Caucasian woman. Defendants terminated Gunn for denying the relationship. Defendants' exhibits to their motion for summary judgment indicate (a) that he was having a relationship with the woman, and (b) the questions were asked during an investigation that resulted from the woman's EEO complaint that rumors were being spread about the relationship (#22: Exhibit B).

This motion concerns whether res judicata bars Gunn's § 1983 and Title VII claims, whether the Eleventh Amendment of the United States Constitution immunizes Defendants, and whether the Eleventh Amendment bars Gunn's state tort claim, or alternatively, whether this Court should decline to exercise supplemental jurisdiction.

In October 2001, Gunn was hired by the Nevada Department of Corrections (#22: Exhibit B, p. 2). He was then promoted to the position of Senior Correctional Officer and again to the position of Correctional Lieutenant. *Id.* Gunn obtained permanent status within the classified service of the State of Nevada in the position of Correctional Lieutenant effective November 6, 2007. *Id.*

In August 2008, Gunn received a notice that the warden recommended that he be terminated from State service (#22: Exhibit B, pp. 2-3). There were several violations listed on the specificity of charges that included discourtesy, sexual harassment, dishonesty, false and misleading statements, insubordination, neglect of duty, sexual misconduct, and unbecoming conduct. *Id.*

In September 2008, Gunn, with the representation of Mr. Boles, attended his pre-disciplinary hearing (#22: Exhibit B, p. 6). Following the hearing, Gunn was terminated from his employment effective September 15, 2008. *Id.* Subsequently, Gunn filed a timely appeal, which was heard in June 2009. In July 2009, the Nevada State Personnel Commission hearing officer affirmed the decision made by the pre-disciplinary hearing. *Id.* The hearing officer determined

4

that there was substantial, reliable, and probative evidence establishing that Gunn was liable for multiple violations, and the employment termination was final (*Id.* at p. 32).

In August 2009, Gunn filed a petition for judicial review in state court regarding the hearing officer's decision (#22: Exhibit C: pp.34). In March 2010, Gunn filed an opening brief in support of his petition for judicial review in state court to show his dismissal was in violation of his First and Fourteenth Amendment rights and right to privacy (#22: Exhibit D). In January 2012, the state court denied Gunn's petition for judicial review to overturn the state agency's decision, finding no violation of his constitutional rights (#22: Exhibit E).

Shortly after filing a petition for judicial review in state court, Gunn filed a complaint in federal court in November 2009. Defendants then filed an answer in December 2009 (#10). In September 2010, this Court stayed these federal proceedings pending resolution of the petition for judicial review in state court on the administrative appeal (#17; 18). After the state court denied the petition, Defendants filed a motion for summary judgment and the Court lifted the stay (#24). Gunn filed a response to Defendants' motion for summary judgment in April 2014, and Defendants replied in May 2014.

Analysis

Defendants raise four arguments: First, that res judicata bars Gunn's § 1983 claim for the violation of the First Amendment right to free speech as well as the Title VII claim; second, that the Eleventh Amendment immunizes Defendants in Gunn's § 1983 claim; third, that the individual Defendants Skolnik, Conmay, Cox, Crevling, and Molnar are not liable in their individual capacity pursuant to Title VII; and fourth, that the Eleventh Amendment immunizes Defendants from the state tort claim, or alternatively, the Court should decline to exercise supplemental jurisdiction over the state claim (#22).

Construed broadly, Gunn's opposition raises three arguments: First, that the Eleventh Amendment immunity does not apply to an official capacity suit for prospective equitable relief;

second, that the Title VII claim is not barred by res judicata; and third, that the Eleventh Amendment does not immunize Defendants in their individual capacity for the supplemental state tort claim.

## I. 42 U.S.C. § 1983

**A.     Gunn's § 1983 claim against Defendants is barred by res judicata.**

Gunn asserts a § 1983 claim, alleging that Defendants violated his First Amendment right to free speech and his right to privacy (#1: ¶12). Defendants argue that res judicata bars Gunn's § 1983 claim in this case. Defendants are correct.

The doctrine of res judicata "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). In Nevada, federal courts "must apply Nevada law concerning [res judicata] to a prior Nevada state court judgment." *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007). The elements to establish res judicata are: 1) whether the issue decided in the prior adjudication was identical to the one presented in the federal court; 2) whether there was a final judgment on the merits; and 3) whether the party in the present case is also a party or in privity with a party to the prior adjudication. *Id.* (citing *Bennett v. FDIC*, 652 P.2d 1178, 1180 (Nev. 1982)).

Res judicata applies when the claims raised in federal court have been previously litigated in state court. In *Holcombe*, an employee was terminated from her employment for forging two subpoenas related to her husband's termination. *Holcombe*, 477 F.3d at 1096. The Ninth Circuit affirmed the federal district court's dismissal and held that res judicata applied because the claims raised in federal court had been fully reviewed and litigated by the state agency and affirmed by the Nevada state court. *Id.* at 1100.

Here, like in *Holcombe*, in which the plaintiff brought the same claim in both the state court and the federal court, res judicata bars Gunn's claims because his claims in federal court

6

are the same as the ones presented before the state court (#22: Exhibit B). The state court did not find that Defendants violated Gunn's constitutional rights when they terminated him from his employment (#22: Exhibit B, D, & E). Further, there was a final judgment on the merits because the state court denied Gunn's petition for review after considering "all the documents and evidence submitted by the parties" (#22: Exhibit E, pp. 1-3. & 1:21). The final element of res judicata–the party involved in this proceeding is the same as the party or in privity with a party to the prior adjudication–is satisfied because the plaintiff involved in this suit is the same as the previous litigation.

Gunn conceded in his response that he recognizes that the Court is bound to follow the Ninth Circuit ruling in *Holcombe* (#27).

Thus, Gunn's § 1983 claim is barred by res judicata because the same issues were already adjudicated, there was a final judgment on the merits, and it involved the same party as in the prior litigation.

B. **Defendants are immune from Gunn's § 1983 claim pursuant to the Eleventh Amendment to the extent that Defendants acted in their official capacity.**

Even if res judicata does not bar Gunn's § 1983 claim, Defendants will still be immune from Gunn's § 1983 claim pursuant to the Eleventh Amendment to the extent that Defendants acted in their official capacity.

The Eleventh Amendment states, "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. Thus, the Eleventh Amendment protects state governments from being sued in federal court in a § 1983 claim. *Nunez v. City of North Las Vegas*, 1 P.3d 959, 961 (Nev. 2000). In addition, "the Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951

7

F.2d 1053 (9th Cir. 1991). Further, state officials that act in their official capacities are not "persons" within the meaning of § 1983, *Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 835, 839 (9th Cir. 1997), because § 1983 only allows suit against "persons," while state officials acting in their official capacities are not persons, and they cannot be sued.

Here, Gunn brings a § 1983 claim against the named Defendants in their official capacities (#1). Defendants argue that the Eleventh Amendment immunizes them from Gunn's § 1983 claim (#22), and Gunn agrees in his response that he "cannot recover damages against the individuals in their official capacity." (#27: 2: 5-6). Pursuant to the Eleventh Amendment, Gunn's § 1983 claim fails against the individually named Defendants to the extent that Gunn has sued them in their official capacity.

## II. Title VII

### A. Gunn's Title VII claim for retaliation is barred by res judicata

In the complaint, Gunn alleges that he was terminated from his employment because he was an African-American male who was having a relationship with a Caucasian female (#1, 2:3). However, Defendants argue in their motion for summary judgment that Gunn's Title VII claim is barred by res judicata because this matter has been fully reviewed by the state court, which determined that there were no violations in the termination (#22, Exhibit B; E).

In *University of Tennessee. V. Elliott*, 478 U.S. 788 (1986), an employee concurrently filed an administrative appeal from notice of pending termination in state court and a complaint in federal court for the Title VII claim. *Id.* The Supreme Court held that although the full faith and credit is not given to unreviewed determinations by state agencies, "final state-court judgments are entitled to full faith and credit in Title VII actions." *University of Tennessee*, *Id.* at 792. In addition, the Court further held that "EEOC review of discrimination charges

previously rejected by state agencies would be pointless if the federal courts were bound by such agency decision." *Id.* at 794.

Here, unlike in *University of Tennessee*, in which the plaintiff brought the claim concurrently to the state agency and federal court, Gunn filed a complaint in United States District Court after the hearing officer affirmed the termination (#1, 3:25; #22 Exhibit B, 32:2-9). Further, this Court ordered a stay for federal proceeding until the State court decided Gunn's petition for judicial review (#17; 18). Subsequent to the order of stay, the state court found no violation to the termination and denied Gunn's petition for judicial review (#22: Exhibit E). Thus, the state court's order denying the judicial review is a final judgment.

For these reasons, Gunn's Title VII claim fails because the case was fully reviewed and litigated, and the doctrine of res judicata applies.

**B.   Defendants Skolnik, Conmay, Cox, Crevling, and Molnar are not individually liable pursuant to Title VII.**

Even if res judicata does not bar Gunn's Title VII claim for retaliation, individually named Defendants will still negate liability because Title VII imposes liability on the employers, not employees. 42 U.S.C. § 2000e-2.

In the motion for summary judgment, Defendants Skolnik, Conmay, Cox, Crevling, and Molnar argue that they are not liable under Title VII. (#22. 12:9). Title VII only makes the employer liable and not the employees. *Miller v. Maxwell's International, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993).

Here, Gunn agrees that the individually named Defendants are not liable under Title VII. Thus, Defendants Skolnik, Conmay, Cox, Crevling, and Molnar are not individually liable pursuant to Title VII.

### III. The Court declines to hear Gunn's state tort claim.

**A.   Defendants are immune from Gunn's state tort claim in their official capacity.**

Defendants argue that the State is immune from a state tort claim under the Eleventh Amendment (#22). Defendants are correct. Defendants acting in their official capacity for the State are immune from a state tort claim because the State did not waive its Eleventh Amendment immunity.

**B.   The Court declines to hear Gunn's state tort claim in Defendant's individual capacity.**

The statute of supplemental jurisdiction states that, "the [United States] district court may decline to exercise supplemental jurisdiction over a claim [] if... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Further, the Supreme Court has previously held that supplemental jurisdiction is discretionary, not a plaintiff's right. *United Mine Workers of Am.*, 383 U.S. 715, 726 (1966).

This Court has ruled in favor of Defendants and dismissed both federal questions; § 1983 and Title VII. This Court has discretion to dismiss the supplemental state claim when this Court no longer has a claim to which it has original jurisdiction. Gunn does not object to Defendants' argument that the court need not exercise supplemental jurisdiction. Thus, this Court will decline to exercise supplemental jurisdiction over Gunn's state tort claim.

THE COURT **ORDERS** that Defendants' Motion for Summary Judgment (#22) is GRANTED in part as follows: Counts I and II are DISMISSED with prejudice;  Count III is DISMISSED with prejudice as to Plaintiff's state tort claim to the extent that he sued the State and individual Defendants in their official capacity;

THE COURT FURTHER **ORDERS** that Defendants' Motion for Summary Judgment (#22) is DENIED as to Count III to the extent that Plaintiff sued the individual Defendants in their individual capacity.

THE COURT FURTHER **ORDERS** that Count III is DISMISSED without prejudice as to Plaintiff's state tort claim to the extent that Plaintiff sued the individual Defendants in their individual capacity as the Court declines to exercise supplemental jurisdiction over that claim.

DATED this ___18___ day of July, 2014.

_____
Lloyd D. George
United States District Judge